HOSMER, ADMINISTRATOR v. CLARKE.

Where money in a bag has been deposited merely for safe keeping, no action lies for it, till after a special demand.

And if the party depositing the money be dead, the usual public notice given by the administrator, of his appointment, calling on all persons indebted to make payment, is not a sufficient demand for that purpose.

THIS was *assumpsit* for money had and received, and came before this Court upon summary exceptions taken by the plaintiff to the opinion of the Court of Common Pleas given in favour of the defendant upon a case stated by the parties.

It appeared that *Asa Hosmer*, the plaintiff's son, being mate of a brig of which the defendant was master, delivered to the defendant in the West Indies a bag of money *to keep for him*, and soon after went ashore at *Port au Prince* and died without issue, leaving the plaintiff his father and heir at law. The defendant immediately on his return to *Camden* where the parties lived, caused the bag of money to be delivered for safe keeping to the mother of the deceased, who had for several years lived apart from the plaintiff her husband, without any separate

Hosmer v. Clarke.

maintenance, or support from him. The plaintiff then demanded the money, as heir to his son, of the defendant, who refused to deliver it to him as heir, and soon afterwards sailed on another voyage to sea. After the departure of the defendant, the plaintiff obtained a letter of administration on the estate of his son, of which he posted up the legal notifications, therein calling on all persons indebted to the estate to make payment to him; and then commenced this action without making any other demand, the defendant being still at sea, and ignorant of the appointment of an administrator. After his return the defendant admitted the money to be in his hands, and offered to pay it to the plaintiff, but refused to pay costs.

*Orr* and *Thayer*, in support of the exceptions, denied that any special demand was necessary before action brought, especially as the money had become assets in the hands of the administrator, who could not be supposed to know the circumstances under which it was deposited with the defendant. And they cited *Cooper v. Mowry*, 16 *Mass.* 5. But if any demand was necessary, the public notice given by the administrator was sufficient.

*Wheeler*, on the other side, relied on *Gray v. Portland Bank*, 3 *Mass.* 368. and *Foster v. Essex Bank*, 17 *Mass.* 479. to shew the necessity of a special demand, this being a case of naked deposit for safe keeping;—and he contended that the representative of the intestate could be in no better situation, in this respect, than the intestate himself.

MELLEN C. J. delivered the opinion of the Court.

Two questions have been made in this case;—1. whether the action is maintainable before demand made on the defendant, of the money deposited with him?—2. whether the notice given by the plaintiff of his appointment as administrator, in the usual form, can be deemed in law a sufficient demand?

As to the first point;—it appears that the defendant received the bag of money belonging to the intestate, merely as an act of friendship,—that the intestate soon after died in the West Indies,—that the defendant carefully brought the money home with him in the same bag, and has kept it safely ever since, always having been ready to deliver it to any person legally

authorised to receive it. Upon these facts it is clear that an action of *trover* could not be maintained, there having been no demand nor conversion of the property. And we do not perceive any reason why *assumpsit* should lie, or on what principle it can be maintained. The defendant has complied with his engagement by keeping the money safely; and if no demand has been made on him for it which he has not been willing to comply with, then no promise on his part has been violated; and of course, without proof of demand and refusal, *assumpsit* will not lie.

As to the *second* point;—it appears that the defendant went to sea before the plaintiff's appointment as administrator, of which fact he had no knowledge till after the commencement of this action. The main object in requiring an administrator to give public notice of his appointment is, that the creditors of the intestate may know on whom to call for payment of their demands within the four years allowed them for that purpose. The usual call on all persons indebted to the estate to make payment is inserted for the convenience and at the pleasure of the administrator. Such notice, from its nature, must be general. In the present case it did not reach the knowledge of the defendant till the action was commenced. Besides, it is very questionable whether it would have amounted to a legal demand, if it had reached him in season. The advertisement contains only a demand on all persons *indebted*;—but before a legal demand and refusal the defendant cannot be considered as *indebted* to the estate. Accordingly the exceptions are overruled, and the judgment below is affirmed.